## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:04-cr-00233 |
| | ) | Civil Action No. 2:16-cv-00799 |
| CLARENCE M. GREEN, JR, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

**Mark R. Hornak, Chief United States District Judge**

Following a jury trial in which he was found guilty, Clarence Green, Jr. ("Petitioner") was sentenced to 300 months' imprisonment for drug- and firearm-related offenses. (ECF No. 112.)[1] The overall sentence included a 240-month sentence for his conviction of possession of a firearm by a convicted felon, as enhanced by the then-mandatory 180-month minimum sentence under the Armed Career Criminal Act ("ACCA"). The sentencing court also determined that the Petitioner was a career offender under the Sentencing Guidelines §§ 4B1.1, 4B1.2.

Now before the Court is the Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 and his Motion to Reduce Sentence pursuant to Section 404 of the First Step Act. (ECF Nos. 247, 281.) The Court recently lifted the stay in the case and will now proceed to resolving the Petitioner's motions. (ECF No. 307.) Because the Petitioner's aggregate sentence reflected an ACCA enhancement that is now unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Mayo*, 901 F.3d 218 (3d Cir. 2018), he is entitled to vacatur of his sentence at Count 4. And because Count 4 formed part of a "sentencing package," that vacatur unbundles the sentencing package, and the Court will order a full resentencing hearing. Therefore,

---

[1] Citations to the electronic docket throughout this Opinion refer to the Petitioner's criminal case, 2:04-cr-00233.

the Petitioner's Motion under § 2255 will be granted. The Court will hold his Motion under the First Step Act in abeyance pending further guidance from the parties.

## I.   **BACKGROUND**

The Petitioner was convicted on six counts: (Count 1) possession with intent to distribute five (5) grams or more of a mixture of substance containing a detectable amount of cocaine base, under 21 U.S.C. § 841; (Counts 2 and 6) possession with intent to distribute less than five hundred (500) grams of cocaine on two separate occasions, under 21 U.S.C. § 841; (Count 3) carrying a firearm during, in relation to, and in furtherance of a drug trafficking crime, under 18 U.S.C. § 924(c); (Count 4) possession of a firearm by a convicted felon, under 18 U.S.C. §§ 922(g)(1), 924(e); and (Count 5) possession with intent to distribute less than five (5) grams of a mixture or substance containing a detectable amount of cocaine base, under 21 U.S.C. § 841. (ECF No. 112.) The United States Probation Office filed a Presentence Investigation Report ("PSR") reflecting that the Petitioner had a criminal history including convictions for: (1) delivery of cocaine in 2000 (CC No. 200105010); (2) delivery of cocaine in 1982 (CC No. 198209971); and (3) aggravated assault in 1986 (CC No. 198612106). (PSR, ¶¶ 29, 31, 32.)[2] All three convictions were in Allegheny County Court of Common Pleas in Pittsburgh, Pennsylvania, and they constituted the three predicate felonies necessary for the Petitioner's designation as an "armed career criminal" pursuant to the ACCA and U.S.S.G. §4B1.4. (PSR, ¶ 23.)

The Probation Office calculated the Petitioner's total offense level to be 37 and his criminal history category to be VI. (PSR, ¶ 76.) Driven by his status as a "career criminal" and an "armed career criminal" within the meanings of the ACCA and U.S.S.G. §§ 4B1.1, 4B1.4, the Petitioner's initial sentencing guidelines were calculated to be 420 months to life. (Tentative Findings and

---

[2] No ECF docket number is listed because the Petitioner's PSR is not available on the electronic docket.

Rulings, ECF No. 109, at 1; PSR, ¶ 76.) However, the Petitioner objected, arguing that the Government had failed to provide him adequate notice of the Government's intent to rely on certain prior convictions to enhance the sentence, as required by 21 U.S.C. § 851. (ECF No. 109, at 2–4.) The sentencing court agreed and the advisory sentencing guidelines were reduced to 360 months to life, with the total offense level adjusted from 37 to 34. (*Id.* at 3–4.) In any case, the Petitioner faced a 180-month minimum sentence for his conviction at Count 4 under the ACCA, 18 U.S.C. § 924(e), and a mandatory consecutive sixty-month sentence at Count 3 under 18 U.S.C. § 924(c).

On June 23, 2006, the Court sentenced the Petitioner to a term of imprisonment of 240 months at each of Counts 1, 2, 4, 5, and 6, to be served concurrently, plus the consecutive sixty (60) months' imprisonment at Count 3, for a total of 300 months. (ECF No. 112.) Mr. Green appealed and a panel of the Third Circuit affirmed the judgment of the sentencing court. (*See* ECF No. 132.); *United States v. Green*, 252 F. App'x 508 (3d Cir. 2007).

The Petitioner filed his first Motion to Vacate under § 2255 *pro se* in January of 2009. (ECF No. 134.) After the Court provided *Miller* notice and the Petitioner affirmed his intention that the Court rule on his Motion as filed, the Court appointed counsel. (ECF Nos. 137, 138, 140.) The Court ultimately denied the Motion, which was predicated on ineffective assistance of counsel grounds, in July of 2012, (ECF No. 230), and the Third Circuit denied the Petitioner's subsequent request for a certificate of appealability, (ECF No. 237).

Then, in 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared the ACCA's "residual clause" of the definition of "violent felony" unconstitutional. In June of 2016, the Petitioner filed the instant Motion to Correct his sentence

under § 2255 to preserve his claim under *Johnson*.[3] (ECF No. 247.) At the time, the Petitioner simultaneously filed an unopposed Motion to Stay Proceedings, which the Court granted, to allow the Third Circuit to resolve his application to file a successive § 2255 motion. (ECF Nos. 248, 250.) After the Third Circuit granted that application and the Court lifted the stay, (ECF No. 251), the case was stayed two more times.

The second stay was imposed to hold the proceedings in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), which declared that the residual clause in the career offender sentencing guidelines was *not* subject to a void-for-vagueness constitutional challenge. The Sentencing Commission revised the Guidelines in 2016 to remove the residual clause from the Career Offender Guideline, § 4B1.2, and replaced it with a list of enumerated offenses. *See* United States Sentencing Commission, *Guidelines Manual* (2016). After *Beckles* came down, the Court again lifted the stay. (ECF No. 259.) Less than a year later, after the Petitioner had filed a Brief in Support and the Government had filed its Response, the Petitioner moved to stay the case, which the Court granted, to await the Third Circuit decision in *United States v. Harris*, No. 17-1861 (3d Cir. Apr. 18, 2017). (ECF Nos. 263, 268, 270, 271.)

While these proceedings were stayed for the third time, another relevant and precedential case was decided—*United States v. Mayo*, *supra*. In *Mayo*, the Third Circuit held that a conviction for aggravated assault under 18 Pa. Cons. Stat. § 2702(a)(1) does not qualify as a predicate "violent felony" under the "force clause" of the ACCA. 901 F.3d at 230. As discussed, at the time of sentencing, one of the Petitioner's three predicate violent felonies was for aggravated assault under this Pennsylvania statute. Post-*Mayo*, the Petitioner moved to lift the stay in late-2018, which the

---

[3] On August 5, 2015, then-Chief Judge Joy Flowers Conti appointed the Federal Public Defender for the limited purpose of representing any indigent defendant sentenced in the Western District of Pennsylvania who may be eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See In re: Petitions for Retroactive Application of* Johnson v. United States, *135 S. Ct. 2551 (2015)*, Misc. No. 15-593 (W.D. Pa. Aug. 5, 2015). Consistent with that appointment, Assistant Federal Public Defender Renee Pietropaolo filed the petition for collateral relief here at ECF No. 247.

Court denied. (ECF Nos. 274, 277.) A little over a year later, with *Harris* still undecided and stayed

pending a decision by the Supreme Court in *Borden v. United States*, S. Ct. No. 19-5410 (July 24,

2019), the Petitioner filed a second Motion to Lift Stay as well as the aforementioned Motion under

the First Step Act. (ECF Nos. 281, 282.) Supplemental briefings were ordered and oral argument

was held, and the Court lifted the stay on June 24, 2020. (ECF No. 307.)

The Court has reviewed the party submissions, including: (1) the Petitioner's initial § 2255

Motion and Brief in Support of that Motion (ECF Nos. 247, 263); (2) his Emergency Motion to

Reduce his Sentence under the First Step Act (ECF No. 281); (3) the Petitioner's Supplement to

his First Step Act Motion (ECF No. 286); (4) the Government's Responses to these Motions (ECF

Nos. 268, 291); (5) the Petitioner's Reply (ECF No. 293); and (6) the various supplemental

briefings that the Court ordered in light of these filings (ECF Nos. 297–99, 305, 306). The Court

also heard telephonic Oral Argument on June 8, 2020. (ECF No. 303.) With the latest stay now

lifted, both the Petitioner's § 2255 Motion and First Step Act Motion are ripe for decision based

on the parties' filings to date.[4]

## II.    ANALYSIS

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate their sentence

"upon the ground that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of

law was a fundamental defect which inherently results in a complete miscarriage of justice.'"

*United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417

---

[4] *See* Gov't Mem. in Resp., ECF No. 298, at 4 ("If the Court nevertheless lifts the stay in this case, Green's § 2255 motion would be ripe for decision based on the parties' previously submitted briefing.").

U.S. 333, 346 (1974)). Some federal sentencing errors, such as a "formal violation of Rule 11" of the Federal Rules of Criminal Procedure, will not be cognizable. *United States v. Timmreck*, 441 U.S. 780, 782 (1979). However, an erroneous sentence, imposed in violation of the Constitution, or in excess of the statutory maximum, will be cognizable. *See, e.g.*, *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015); *United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir. 2009) (stating that a defendant who "does not constitute an armed career criminal . . . [has] received a punishment that the law cannot impose on him").

The Petitioner argues that his sentence is illegal because his ACCA sentencing enhancement under 18 U.S.C. § 924(e)(1) relied in part upon his aggravated assault conviction, which under both *Johnson* and *Mayo*, he argues, no longer qualifies as an ACCA predicate violent felony.[5] (ECF No. 281, at 16–17.) Therefore, he does not have three previous convictions for a "violent felony" or "serious drug offense," as those terms are defined under the ACCA and construed by the Supreme Court and our Court of Appeals. In the Government's Response, it focused primarily on the "force clause" of the ACCA definition of a "violent felony." The Government argued (1) that the Petitioner failed to show that the sentencing court relied on the now-unconstitutional "residual clause" in classifying the aggravated assault conviction as a predicate offense under the ACCA; and (2) 18 Pa. Cons. Stat. § 2702(a)(1) nonetheless qualified as a predicate violent felony under the "force clause." (ECF No. 268.) Of course, with *Mayo* on the books, much of the Government's argument has been "overcome by events," so to speak. Thus, while it does not expressly concede the Petitioner's Motion, the Government has not rebutted the argument that *Johnson* and *Mayo* wipe out the Petitioner's third predicate felony. And, the

---

[5] The instant § 2255 Motion also sought relief for the Petitioner's classification as a "career offender" under the Sentencing Guidelines. (*See* ECF No. 247, at 1.) However, following the Supreme Court's decision in *Beckles*, the Petitioner "no longer presses his argument that *Johnson* invalidates the residual clause of § 4B1.2 under the advisory Guidelines." (ECF No. 263, at 2.) Accordingly, the Court solely addresses the Petitioner's grounds for vacatur pursuant to the erroneous ACCA enhancement.

Government has expressly stated its intention to proceed on the papers it has already filed with respect to the Petitioner's § 2255 Motion, notwithstanding the fact that they predate *Mayo* by nearly a year.[6]

### a.  Gatekeeping Requirements

On a second or successive § 2255 motion, even when authorized by the Court of Appeals, this Court must consider de novo whether the motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(4); *see Goldblum v. Klein*, 510 F.3d 204, 220 (3d Cir. 2007) ("the district court is obligated to conduct an independent gatekeeping inquiry under section 2244(b)(4)"). For such motions, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, (2001). The Supreme Court in *Welch v. United States* declared *Johnson* retroactive to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). Therefore, the Petitioner's Motion, which was based on and filed to preserve his claims under *Johnson*, satisfies this gatekeeping provision. *See United States v. Peppers*, 899 F.3d 211, 220 (3d Cir. 2018).

### b.  ACCA Designation

A conviction for "felon in possession" carries a maximum term of imprisonment of 120 months (ten years). 18 U.S.C. §§ 922(g)(1), 924(a)(2). However, the ACCA "ups the ante" and imposes a *minimum* sentence of fifteen years (180 months) for a defendant who has three previous adult convictions for a "violent felony" or "serious drug offense" that were committed on separate occasions. *Mayo*, 901 F.3d at 221. The statutory definition of a "violent felony" can be broken into three distinct clauses. *Id.* Accordingly, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element [of] the use, attempted

---

[6] *See supra* note 4.

use, or threatened use of physical force against the person of another"; or (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* (citing 18 U.S.C. § 924(e)(2)(B)). Clause (1) is known as the "force" or "elements clause"; clause (2) is the "enumerated offenses clause"; and clause (3) is the "residual clause." *Id.*

As discussed, *Johnson* invalidated the residual clause. Thus, a prior conviction can only qualify as a "violent felony" if it contains an element of force or matches the elements of an enumerated offense. *Johnson*, 135 S. Ct. at 2563; 18 U.S.C. § 924(e)(2)(B). The argument here centers on whether the Petitioner's aggravated assault conviction under Pennsylvania law qualifies under the force clause, given that such a crime facially does not fall within any of the crimes listed in the enumerated offenses clause. For the purposes of this inquiry, the parties agree that the Petitioner was sentenced under 18 Pa. Cons. Stat. § 2702(a)(1). (ECF Nos. 247, at 7; 268, at 3.) As alluded to earlier, this question was squarely resolved by the Third Circuit in *Mayo*.

In determining whether aggravated assault under § 2702(a)(1) is a predicate violent felony, the *Mayo* Court employed the categorical approach and noted that a court must "ignore the actual manner in which the defendant committed the prior offense" and "presume that the defendant did so by engaging in no more than 'the minimum conduct criminalized by the state statute.'" *Mayo*, 901 F.3d 225 (quoting *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018)). It is without any doubt that the Petitioner here committed aggravated assault through the use of force by shooting the victim at close range in the leg. (*See* PSR, ¶ 31.) But, as the Third Circuit instructs, the focus is on the statute and not the act.[7]

---

[7] In *Mayo*, the predicate aggravated assault conviction involved the defendant striking the victim with a brick and a glass bottle, and punching and kicking him while he lay on the ground. 901 F.3d at 222.

The *Mayo* Court engaged in a thorough analysis and ultimately concluded that a "conviction under 18 Pa. Cons. Stat. § 2702(a)(1) does not qualify as a predicate offense under the elements clause of the ACCA." *Id.* at 230. The critical finding by the court was that § 2702(a)(1) criminalizes certain acts of omission and therefore the statute "sweeps more broadly than the ACCA's definition of physical force." *Id.* Importantly, the text of § 2702(a)(1) as analyzed by the *Mayo* Court does not differ from the version of that statute under which the Petitioner was convicted. *Compare id.* at 226 *with* (ECF No. 268, at 5).

### c. Prejudice

After determining that a defendant's sentence enhancement pursuant to the ACCA was based in part on a conviction that does not qualify as a predicate offense, the Court "must resolve whether that error was harmless." *Peppers*, 899 F.3d at 236. This requirement is sometimes referred to as "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), *abrogated in part on other grounds by Mitchell v. Esparza*, 540 U.S. 12 (2003) (per curiam).

In his original Motion and Brief in Support, both filed pre-*Mayo*, the Petitioner argued that aggravated assault under § 2702(a)(1) does not contain an element of "force" to qualify under the force clause. (ECF Nos. 247, at 8–15; 263, at 6–16.) And in its Response, the Government argued that the Petitioner failed to show a miscarriage of justice because he could not demonstrate that the sentencing court actually relied exclusively on the residual clause in finding that his aggravated assault conviction was a predicate felony under the ACCA. (ECF No. 268, at 6–9.) Thus, as the Government went on to argue at length, because the conviction could qualify under the force clause, the Motion should be denied. (*Id.* at 10–31.) Such was the outcome reached by the Third Circuit in *Peppers*, where the defendant failed to meet "his burden of proving that he was necessarily sentenced under the unconstitutional residual clause of the ACCA because he failed to show that the burglary conviction does not qualify under the elements clause." 899 F.3d at 236.

With *Mayo* putting to rest the question of whether a § 2702(a)(1) conviction qualifies under the force clause, this argument can no longer carry the day.[8] The Government does not argue in any event that the Petitioner's other convictions would qualify as a "violent felony" or "serious drug offense." (*See* PSR, ¶¶ 28–32.) Nor does the Government argue, as it cannot, that any of his convictions qualify under the enumerated offenses clause. Accordingly, the Petitioner does not have the requisite "three previous convictions" necessary for enhancement in 18 U.S.C. § 924(e)(1). As a consequence, the Petitioner was indeed prejudiced by his 240-month sentence at Count 4, which without the ACCA enhancement could not exceed 120 months' imprisonment. *See* 18 U.S.C. § 924(a)(2).

As discussed by this Court in *United States v. Black*, proceeding to resentencing on this basis would not be a "pointless formality." No. 2:11-CR-00045-4, 2019 WL 211086, at *7 (W.D. Pa. Jan. 16, 2019) (citing *United States v. Hester*, 910 F.3d 78, 91 (3d Cir. 2018)). The facts in *Black* are highly similar to those here, and this Court held in that case that:

> Although the Guidelines range, and not any statutory minimum, is the "lodestar" for sentencing, it cannot be ignored that the sentencing Court was bound to apply a 180-month statutory minimum at Count 14. . . . It may well be that the statutory minimum 180 months at Count 14 did not bear on the Court's overall calculation, and that the Court, seeking to impose 300 months' imprisonment, merely apportioned a sentence driven by career offender considerations the way it did to reflect that, at the time, the law required a 180-month sentence at Count 14. Indeed, today the sentencing Court might have made the same choice as to the overall consolidated sentence length. But at the time, the law compelled the sentencing Court to sentence Mr. Black to no fewer than 180 months at Count 14, to be served consecutively, based on his ACC designation.

*Id.* (citations omitted). Therefore, this Court found that, "[a]bsent the ACCA enhancement, the sentence at Count 14 is now in excess of the maximum allowed by law. And under the principles

---

[8] The Government argues that *Harris*, *supra*, may result in the abrogation of *Mayo*. However, for the reasons stated in the Court's Order Lifting the Stay, the Court will proceed under the law as it is now. (ECF No. 307.)

vigorously reaffirmed in *Hester*, this Court cannot be sure that the statutory mandatory minimum at the time did not influence the overall sentence." *Id.* at \*8 (citations and quotations omitted) (citing *United States v. Vasquez-Lebron*, 582 F.3d 443, 447 (3d Cir. 2009) ("It is difficult to conclude that a District Court *would have* reached the same result in a given case merely because it *could have* reasonably imposed the same sentence on a defendant.")).

The same is true here. The Court cannot be certain that the sentencing court would have arrived at the same overall sentence had the Petitioner not been subject to the 180-month minimum at Count 4. Therefore, he has established prejudice and his claim is cognizable.

### d.  <u>Appropriate Form of Collateral Relief</u>

Section 2255 provides a "flexible remedy," *Andrews v. United States*, 373 U.S. 334, 339 (1963), and a court has the discretion to vacate the judgment, grant a new trial, resentence, or correct the sentence, "as may appear appropriate," 28 U.S.C. § 2255(b). When, as here, only the *sentence* is constitutionally defective, such may be corrected only by resentencing or correcting the sentence. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000).

The Petitioner urges vacatur of his current sentence and a full resentencing by the Court, based on the "sentencing package doctrine." (ECF Nos. 247, at 2; 263, at 18–21.) In its Response, the Government did not rebut the Petitioner's sentencing package argument. Although, it did not concede the argument either.[9] For the reasons that follow, the Court will review the Petitioner's sentence under the sentencing package doctrine and order a resentencing on all Counts.

---

[9] The Government only addresses the sentencing package doctrine in a Supplemental Memorandum in response to the Petitioner's Reply brief insofar as the doctrine is applicable under the First Step Act. (ECF Nos. 293, at 11–12; 298, at 6, 8.) In rebutting the Petitioner's argument that the sentencing package doctrine could be applied by the Court in reducing the Petitioner's sentence under the First Step Act, the Government notes that the doctrine applies under § 2255 "'[w]hen a conviction on one or more interdependent counts is vacated on appeal' or on a collateral attack and a 'de novo sentencing' occurs on at least one count." (ECF No. 298, at 6 (citing *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010)).)

In *United States v. Davis*, the Third Circuit held that if the petitioner's convictions were "interdependent for sentencing purposes," the sentencing package doctrine permits district courts to recalculate the aggregate sentence even when a petitioner's § 2255 motion challenges only one of multiple convictions. 112 F.3d 118, 120–21 (3d Cir. 1997).

The sentencing package doctrine counsels that:

> [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within the applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

*Id.* at 122 (quoting *United States v. Pimenta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989)).

In *Davis*, the petitioner succeeded on his § 2255 motion, where he argued that his conviction on one count was constitutionally infirm. *Id.* at 120. After vacating that conviction, the district court resentenced the petitioner on the remaining unchallenged counts after finding that, without the vacated conviction, his offense level was actually higher. *Id.* The petitioner objected. On appeal, the *Davis* Court observed that "[t]he plain language of § 2255 does not support [the petitioner's] argument that in all circumstances, the court is limited in its resentencing options to only the count challenged in the motion." *Id.* at 121. By contrast, "the plain language does not restrict the word 'sentence' and authorizes the court to act 'as may appear appropriate.' Thus, it confers upon the district court broad and flexible power in its actions following a successful § 2255 motion." *Id.* (citation omitted) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171–72 (4th Cir. 1997)).

To date, the Third Circuit has only applied the sentencing package doctrine in precedential opinions where the court vacated a *conviction*, not a sentence only. *See United States v. Miller*,

594 F.3d 172, 181–82 (3d Cir. 2010); *Davis*, 112 F.3d at 122.[10] However, in two unreported

decisions, the Third Circuit has applied the doctrine to sentences vacated on appeal as well. *United*

*States v. Fumo*, 513 F. App'x 215, 218 (3d Cir. 2013); *United States v. Brown*, 385 F. App'x 147,

148 (3d Cir. 2010). Other courts have also applied the doctrine to cases in which a sentence, and

not a conviction, was vacated. *See, e.g.*, *United States v. Catrell*, 774 F.3d 666, 670 (10th Cir.

2014). These cases are persuasive here, and the Court will apply the doctrine in this case for the

following additional reasons.[11]

    First, the text of § 2255 does not suggest that the sentencing package doctrine should apply

only to vacated convictions. Rather, the statute entitles "[a] prisoner in custody under [an illegal]

sentence" to "move the court which imposed the sentence to vacate, set aside, or correct the

sentence." 28 U.S.C. § 2255(a).

    Second, the Court sees no principled reason why the sentencing package doctrine should

not apply in cases where, as here, the Court of Appeals has affirmed a prisoner's conviction, and

on a second § 2255 petition, a portion of his sentence is found unconstitutional. *Johnson* has had

profound effects on federal sentencing law, one of which is providing new grounds for vacating a

sentence even in the absence of a computational error or a defective conviction.

    Third, the Government is correct that under *Beckles*, 137 S. Ct. at 892, and *United States*

*v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020), a challenge to a career-offender designation under the

advisory Sentencing Guidelines is not cognizable under § 2255. (*See* ECF No. 298, at 3.) However,

these cases do not eliminate this Court's discretion, when considering the relief available to a

---

[10] *Cf. United States v. Grant*, 887 F.3d 131, 155 (3d Cir.), *reh'g en banc granted, opinion vacated*, 905 F.3d 285 (3d Cir. 2018) (noting that the Third Circuit has "defined" the sentencing package doctrine only to provide a basis for a de novo resentencing when a *conviction* is vacated and declining to decide whether it should also apply to vacated sentences).

[11] The Court applied the same reasoning in *United States v. Black*, No. 2:11-CR-00045-4, 2019 WL 211086. As previously discussed, the facts of that case and this case are highly similar and much of the Court's reasoning in *Black* is mirrored in this portion of the Opinion.

petitioner who successfully challenges an improper "armed career criminal" designation, to consider the efficacy of the Petitioner's sentence to ensure it "still fits both crime and criminal." *Pimenta-Redondo*, 874 F.2d at 14.

> ### e.  <u>Applying the Sentencing Package Doctrine</u>

A defendant's entire sentence merits review under the sentencing package doctrine if the sentencing court viewed the original sentence as a package. *United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014). When one such component is set aside, or "unbundled," the Court has the authority to recalculate the sentence. *Id.*; *see United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999) ("[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan," and if some counts are vacated, "the judge should be free to review the efficacy of what remains in light of the original plan.").

The Government does not rebut that the Petitioner's sentence at Count 4 was an interdependent count.[12]  Instead, the Government's Response to the Petitioner's § 2255 Motion focuses its argument solely on whether the Petitioner's aggravated assault conviction qualifies as a violent felony under the ACCA. As such, the Court would be permitted to find that the Government has effectively conceded the point. *See, e.g.*, *Tender Touch Rehab Servs., LLC v. Brighten at Bryn Mawr*, 26 F. Supp. 3d 376, 394 n.14 (E.D. Pa. 2014) ("Plaintiff appears to concede this point by its failure to reply to this argument in its Response."). However, the Court

---

[12] Nor has the Government been deprived of any opportunity to do so in light of the somewhat unusual procedural posture of this case. As discussed, *supra* note 4, the Government stated that, if the Court lifted the stay in this case, which it did, then the matter would be ripe for decision based on the papers already filed.

concludes on its own that the erroneous sentence at Count 4 was indeed interdependent such that the petitioner shall be resentenced on all counts.

The Court concludes that the sentencing court considered the sentences at Counts 1, 2, 4, 5, and 6 to be part of the same sentencing package when it imposed the 300-month sentence. The Petitioner's PSR determined that these counts involved "substantially the same harm" and should therefore be grouped under U.S.S.G. § 3D1.2. (PSR, ¶ 15.) Furthermore, the PSR concluded that the offense level for these counts would be controlled by Count 4—the ACCA-enhanced § 922(g) conviction—under U.S.S.G. § 3D1.3, Application Note 2. (*Id.*) The sentence imposed reflects this grouping given that the Petitioner was sentenced to 240 months at each of Counts 1, 2, 4, 5, and 6, to be served concurrently. In the resentencing-on-remand context, the Third Circuit has held that "[c]ounts that were grouped pursuant to the Sentencing Guidelines at the original sentencing are interdependent, such that the vacation of one of the grouped counts requires a de novo sentencing." *United States v. Diaz*, 639 F.3d 616, 619 (3d Cir. 2011) (quoting *Miller*, 594 F.3d at 182). Accordingly, the Court will resentence the Petitioner on all counts, but will provide the parties with the opportunity to brief the Court on the Petitioner's applicable Guideline range and on their sentencing arguments prior to any resentencing hearing. (*See* ECF No. 298, at 4 ("If the Court were to grant Green's § 2255 motion, it should allow the parties an opportunity to brief Green's applicable Guideline range and any other disputed issues relevant to the appropriate sentence, before holding a resentencing hearing.").)

### f.  The Petitioner's Motion to Reduce Sentence

Also before the Court is the Petitioner's Motion to Reduce Sentence pursuant to Section 404 of the First Step Act. (ECF No. 281.) The Petitioner has noted that his § 2255 and First Step Act Motions provide "overlapping" paths to relief. (*See* ECF No. 281, at 14.) He further argued that the "clearest and most efficient way" to obtain the relief he seeks is to grant his § 2255 Motion and proceed to resentencing on all counts, where the Court may consider the sentencing issues inherent in the First Step Act Motion. (ECF No. 297, at 1–2.)

The Government argued in one of its Supplemental Briefs that granting the Petitioner's § 2255 would moot his First Step Act Motion. (ECF No. 298, at 9.) The Petitioner took the Government to be arguing that, if his § 2255 Motion were granted, the Petitioner would necessarily be resentenced according to the pre-Fair-Sentencing-Act statutory ranges. (ECF No. 299, at 5–6.) It is not clear whether the Government intends its argument to go that far, or whether that argument would have any merit at all.

Provided with this uncertainty, however, the Court will defer ruling on this Motion for now. The Court will order the parties to confer and file a joint status report as to whether the Court must rule on this matter now or address it at the forthcoming resentencing.

## III.  CONCLUSION

For the foregoing reasons, the Court holds in abeyance its ruling on Petitioner Clarence Green's Motion to Reduce Sentence, (ECF No. 281), pending further guidance from the parties. The Petitioner's Motion to Correct Sentence, (ECF No. 247), will be GRANTED. An appropriate Order will follow.

　　s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated:  July 17, 2020
cc:　　All counsel of record

16